UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES – GENERAL

Case No.   2:89-cr-00190-SVW-17                                         Date: November 12, 2020

Present: The Honorable:   Stephen V. Wilson, U.S. District Judge
Interpreter    NA

| T. Jackson | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Juan Carlos Seresi | | X | | Reuven L. Cohen | | X | |

**Proceedings:**  IN CHAMBERS ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

    Before the Court is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Juan Carlos Seresi ("Defendant"). The United States of America ("the Government") does not oppose the motion.

    Defendant claim for relief under 18 U.S.C. § 3582(c)(1)(A)(ii) fails. That statute allows this Court to modify a defendant's term of imprisonment if (1) he is 70 years old, (2) he has served at least 30 years of his sentence, and (3) the Bureau of Prisons ("BOP") has determined that he is not a danger to the community. Here, the third prong has not been satisfied because the BOP has not found that Defendant is not a danger to the community. *See* Dkt. 1407, Cohen Decl., Ex. 2. Indeed, the BOP made no finding whatsoever regarding the danger Defendant poses to his community. *Id.* Accordingly, Defendant is ineligible for relief under 18 U.S.C. § 3582(c)(1)(A)(ii).

    Defendant's alternative argument also fails. Specifically, Defendant argues that his advanced age and high blood pressure—and his corresponding vulnerability to serious complications from COVID-19—constitute "extraordinary and compelling" reasons justifying release under 18 U.S.C. § 3582(c)(1)(A)(i). *See* Dkt. 1407 at 8. The Government agrees with Defendant and notes specifically that Defendant's high body mass index warrants compassionate release. Dkt. 1410 at 2 n. 2. However, the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (rejecting compassionate release request from defendant suffering from diabetes and heart issues).

    Nevertheless, the Court finds that other "extraordinary and compelling reasons" justify Defendant's release. Under 18 U.S.C. § 3582(c)(1)(A), Courts are directed to follow the Sentencing Commission's criteria regarding "extraordinary and compelling reasons."  Although the criteria promulgated by the Sentencing Commission primarily relate to a defendant's age, health, and family circumstances, *see* U.S.S.G. § 1B1.13 cmt. 1(A)–(C), there is also a catch-all provision for "extraordinary and compelling reason[s] other than, or in combination with," the defendant's age and health, *see id.* at cmt. 1(D). By its plain language, any reasons justifying release under the catch-all provision must be "determined by the Director of the [BOP]." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

However, as other courts have noted, the Sentencing Commission never harmonized its criteria with the First Step Act ("FSA"), *i.e.*, the revised version of 18 U.S.C. 3582(c)(1)(A) signed into law in 2018. *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019). Indeed, the Sentencing Commission's policy statement still asserts that a defendant can only be released for extraordinary and compelling reasons "upon motion by the Director of the [BOP]," *see* U.S.S.G. § 1B1.13 cmt. 4, even though 18 U.S.C. 3582(c)(1)(A) expressly allows defendants to be released upon their own motion. As the court noted in *Rodriguez*, "Congress knew that the BOP rarely granted compassionate release petitions, and the purpose of the [FSA] was to allow defendants to [seek release] even after the BOP [] denies their petition. . . . The only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may constitute 'extraordinary and compelling.'" 424 F. Supp. 3d at 682 (internal citations and quotations omitted). Accordingly, the Court joins the *Rodriguez* Court and others in finding that "courts can determine whether any extraordinary or compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant compassionate release." *See id.* at 681–82 (collecting cases).

Here, a number of factors lead this Court to conclude that extraordinary and compelling reasons warrant Defendant's release under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant has served over 30 years for a non-violent offense. *See* Dkt. 1407, Cohen Decl. During his term of incarceration, Defendant has earned three associate's degrees and a paralegal certificate. *See id.* He has completed approximately 85 educational and service-oriented courses. *See id.* He has received only a single, uncontested disciplinary action during his 30 years of incarceration, a non-violent incident in which he provided money to another inmate. *See id.* The Court further finds that—notwithstanding the BOP's silence on this point—Defendant does not pose a danger to his community. Finally, although Defendant's health and age do not independently warrant release, they do weigh in favor of granting release when the totality of the circumstances are considered.

The Court notes that Defendant was a key employee of the ringleaders of a substantial money laundering conspiracy. The Court's findings should not be construed to minimize the severity of Defendant's conduct. The Court further notes that, although it is applying the catch-all provision of U.S.S.G. § 1B1.13 here, it does so with extreme caution. Very few cases will fall within that provision; most will not.

Nevertheless, under the circumstances presented here, "extraordinary and compelling" reasons warrant Defendant's release under 18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, Defendant's motion for compassionate release is GRANTED. The Court modifies Defendant's sentence of imprisonment to time served followed by the three-year term of supervised release imposed in the previous sentence. Defendant is ordered to quarantine for 14-days at the home where he will be living in Santa Clarita, California.[1]

This order is effective November 13, 2020, at which point Defendant shall be released from BOP custody. To ensure Defendant is released without delay, the Government shall serve a copy of this order upon receipt on the warden at MDC and on Defendant's Probation Officer, and any proposed modifications to

---

[1] To ensure Defendant is released forthwith, the Court finds that a quarantine at the home where Defendant will be living in Santa Clarita, California is more appropriate than the Government's suggestion that Defendant quarantine at MDC. *See* Dkt. 1410.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

Defendant's conditions of supervised release may be submitted for approval after Defendant is released from BOP custody.

    IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Deputy Clerk** | TJ |

# UNITED STATES DISTRICT COURT
## THE CENTRAL DISTRICT OF CALIFORNIA

TO UNITED STATES MARSHAL:
PURSUANT TO AN ORDER OF COURT, YOU ARE AUTHORIZED AND DIRECTED TO:

☒ RELEASE FROM CUSTODY     ☐ TAKE INTO CUSTODY     NAME: JUAN CARLOS SERESI

☒ FORTHWITH
☐ TO PROBATION/PRETRIAL SVCS ONLY
☐ TO IMMIGRATION AND CUSTOMS ENFORCEMENT
☐ OTHER:

CASE NO: 2:89-cr-00190-SVW-17

CHARGES: 18 U.S.C. 371; 1956
18 U.S.C. 2, 1956(a)(1)

☐ Defendant Acquitted of Charge(s)
☐ Defendant Restored to Probation Status
☐ Defendant Sentenced to a Period of Incarceration
☐ Defendant sentenced to a Period of Probation
☐ Defendant's Prior Bond Reinstated
☐ Bond Revoked Pending Trial/Sentencing/other hearing
☐ Supervised Release/Probation Violation
☐ Defendant Sentenced to Time Served
☐ Motion to Dismiss Indictment/Information granted
☒ Motion for Compassionate Release Granted.

CLERK, U.S. DISTRICT COURT

Issued on: 11/12/2020   at 9:15 AM

BY: _Teresa Jackson_ T. Jackson (213)894-0539
Deputy Clerk (Sign and Print Name)